IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID BROWN, | : | CIVIL ACTION NO. |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| VSI GROUP, INC., | : | **JURY TRIAL DEMANDED** |
| | : | |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, David Brown ("Brown"), a former employee of Defendant VSI Group, Inc., who has been harmed by the Defendant's illegal discriminatory actions, resulting in his discharge from employment.

2.    This action arises under the Americans With Disabilities Act,("ADA"), 42 U.S.C. §12101, et seq., and the Pennsylvania Human Relations Act, ("PHRA"), 43 P.S. §951, et seq.

**II.    JURISDICTION:**

3.    The original jurisdiction of this Court and venue in this district is invoked pursuant to 28 U.S.C. §1331 and §1391, and the claim is substantively based on the ADA.

4.    The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Brown's claim arising under the PHRA.

5.All conditions precedent to the institution of this suit have been fulfilled. On February 18, 2004, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC"), and this action has been filed within ninety (90) days of receipt of said notice.

6.Brown has satisfied all other jurisdictional prerequisites to the maintenance of this action.

**III.PARTIES**:

7.Plaintiff, David Brown, is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at 5965 Bingham Street, Philadelphia, Pennsylvania 19120.

8.Defendant, VSI Group, Inc., is a corporation duly organized and existing under the laws of the State of Delaware, maintaining a place of business located at 500 West Dutton Mill Road, Aston, Pennsylvania 19014.

9.At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of their employment and under the direct control of the Defendant.

**IV.STATEMENT OF CLAIMS**:

10.Brown was employed by the Defendant as a Hard to Access Technician from on or about June 1, 2001 until April 7, 2002, the date of his untimely termination.

11.Brown suffers from Diabetes. As a result of said medical condition, Brown

is substantially impaired in one or more major life activities and is disabled within the meaning of the ADA and PHRA.

12. Brown informed the Defendant that he suffered from Diabetes at the time of his hire. Thus, at all times relevant hereto, the Defendant was aware of Brown's disability and perceived Brown as disabled.

13. On or about January 7, 2002, the Defendant made it mandatory for all employees to wear steel-toed boots.

14. Brown thereafter notified Glen Noble ("Noble"), Supervisor, that due to his disability, his physician had instructed that he not wear steel-toed boots and that he needed a reasonable accommodation for his disability.

15. Nevertheless, the said Noble denied Brown's request for reasonable accommodation, failed to engage in an interactive process with Brown regarding his request for reasonable accommodation, failed to offer alternative types of footwear, but rather insisted that Brown wear the said steel-toed boots.

16. As a result, on or about March 5, 2002, Brown was forced to have his toe amputated due to an infection that developed as a result of complications from his Diabetes and wearing the said steel-toed boots.

17. Subsequent thereto, on or about April 7, 2003, during Brown's recovery from the aforesaid surgery, the Defendant informed Brown that his position of employment had been terminated.

## COUNT I
## (ADA- Disability Discrimination and Failure to Accommodate)
## Brown v. the Defendant

18.    Brown hereby incorporates by reference paragraphs 1 through 17 inclusive contained in the foregoing Complaint as though fully set forth herein.

19.    Brown believes and avers that he was denied reasonable accommodations and subjected to discrimination because of his disability, ultimately resulting in the termination of his employment, in violation of the ADA, Title 42 U.S.C. §12101, et seq.

20.    As a direct result of Defendant's willful and unlawful actions as aforesaid, in violation of the ADA, Brown has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## COUNT II
## (PHRA- Disability Discrimination and Failure to Accommodate)
## Brown v. the Defendant

21.    Brown hereby incorporates by reference paragraphs 1 through 20 inclusive contained in the foregoing Complaint as though fully set forth herein.

22.    Brown believes and avers that he was denied reasonable accommodations and subjected to discrimination because of his disability, ultimately resulting in the termination of his employment, in violation of the PHRA.

23.    As a direct result of Defendant's willful and unlawful actions as aforesaid,

in violation of the PHRA, Brown has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

## PRAYER FOR RELIEF

24.     Brown hereby incorporates by reference paragraphs 1 through 23 inclusive contained in the foregoing Complaint as though fully set forth herein.

**WHEREFORE**, Brown requests this Court to enter judgment in his favor and against Defendant and order that:

a.      Defendant compensate Brown with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b.      Defendant compensate Brown with an award of front pay, if appropriate;

c.       Defendant compensate Brown for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

d.      Defendant pay to Brown compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

e.      Defendant pay to Brown punitive damages (under the ADA), pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

f.	the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Brown demands trial by jury.

                                    SIDNEY L. GOLD & ASSOCIATES, P.C.

                                    S/Sidney L. Gold, Esquire    -SG-1387
                                    SIDNEY L. GOLD, ESQUIRE
                                    I.D. NO: 21374
                                    TRACI M. GREENBERG, ESQUIRE
                                    I.D. NO: 86396
                                    KRYSTN E. MUNDY, ESQUIRE
                                    I.D. NO.: 89152
                                    1835 Market Street, Suite 515
                                    Philadelphia, PA 19103
                                    (215) 569-1999